

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEPHEN SOTELO, individually and on behalf of all persons similarly situated, | ) ) ) ) | |
| | ) | No. 06 C 2531 |
| Plaintiffs, | ) ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| EBATES SHOPPING.COM, INC. and JOHN DOES 1-100, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendant Ebates Shopping.Com ("Ebates") to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to transfer venue is granted.

Plaintiff, an Illinois resident, has filed his complaint on behalf of two classes–a nationwide class (Class A) and an Illinois class (Class B). Ebates is incorporated in California and has its principal place of business there. In the complaint, Plaintiff alleges on behalf of both classes that Ebates caused a software program, Moe Money Maker, to be downloaded onto users' computers, without the users' consent in violation of: 1) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; 2) the Electronic Communications Privacy Act, 18 U.S.C. § 2707, 2520; and 3) the California Business and Professional Code  In addition, Plaintiff alleges several Illinois state law causes of action specific to the Class B class.

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See *Georgouses v. Natec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997). In this case, since the parties have conceded that venue properly lies both in this district and in the Northern District of California, this Court's analysis involves the weighing of three factors: the convenience of the parties, the convenience of witnesses, and the interests of justice.

In this case, consideration of the § 1404(a) factors warrants a transfer of this case to the Northern District of California. First, an examination of the convenience of the parties factor weighs in favor of a transfer. Although Plaintiff's choice of forum is generally afforded substantial deference, in a nationwide class action case such as this, the location of the class representative becomes less relevant because numerous class members are located throughout the nation. *See Georgouses*, 963 F. Supp. at 730. While Plaintiff focuses on the fact that he has also filed the complaint on behalf of an Illinois class, the fact remains that numerous class members in this case are scattered across the country, and Plaintiff's preference for this Court is accorded minimal value when none of the conduct complained of occurred in the forum selected by Plaintiff. See *Commodity Futures Trading Commission v. First Nat'l Monetary Corp.*, 565 F. Supp. 30, 33 (N.D. Ill. 1983).

The Northern District of California is clearly a more convenient for Ebates because all of its employees and records are located there. Moreover, the situs of the material events and alleged improper conduct took place in California and that state has a substantial connection to this case. The development, marketing and distribution of the Moe Money Maker software occurred exclusively in California. In contrast, Illinois has relatively little connection to this cause of action. Ebates has never entered into a relationship with a third party distributor in

2

Illinois, nor has Ebates ever hired an Illinois resident as an employee. Moreover, Ebates has never maintained offices in Illinois. Thus, the convenience of the parties factor militates in favor of a transfer of this case to the Northern District of California.

A transfer to the Northern District of California also will best serve the convenience of the witnesses. All key witnesses and evidence are concentrated in California. A company named Loyalty Ventures, Inc. ("Loyalty"), with its principal place of business in California, developed the Moe Money Maker software in California. Six Loyalty employees, all California residents, will likely testify regarding the design, development, and marketing of the software. Plaintiff could not identify any Illinois witnesses in this case.

Finally, a transfer of this case will best serve the public interest. California has a much greater interest in resolving this dispute than does Illinois. The alleged misconduct took place in California. The software at issue was designed in California. Ebates operated its business and hosted its website in California. In addition, the parties will receive a slightly speedier trial in the Northern District of California. Finally, while some of the counts of the Complaint are brought under Illinois law, the issues are not so unique as to be beyond the comprehension of the Northern District of California court, and federal courts are often called upon "to decide substantive legal questions based upon state law" of states other than that in which the federal court sits. *See Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F. Supp. 1125 (N.D. Ill. 1989).

For these reasons, a transfer of this case to the Northern District of California is warranted pursuant to 28 U.S.C. § 1404(a). Therefore, in the interests of justice and since the California court will have personal jurisdiction over Defendants, we transfer this case to the United States District Court for the Northern District of California. This is a final order and all

other pending motions are deemed moot by this order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 13, 2006